**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1271
_____

UNITED STATES OF AMERICA,

v.

EVAN C. CORBETT,

                Appellant.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-10-cr-00365-001)
District Judge: Honorable Robert B. Kugler

Submitted under Third Circuit LAR 34.1(a)
on September 19, 2011

Before: AMBRO, CHAGARES and ROTH, Circuit Judges

(Opinion filed November 30, 2011)

O P I N I O N

**ROTH**, Circuit Judge:

    Evan C. Corbett appeals the District Court's January 28, 2011, judgment of sentence. Corbett contends that the District Court clearly erred in finding that he

distributed child pornography for the receipt, or expectation of receipt, of a thing of value and abused its discretion in applying a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B).  For the following reasons, we will affirm the sentence the District Court imposed.

I.      **Background**

On April 15, 2009, during the course of an international investigation, Bureau of Immigration and Customs Enforcement (ICE) agents determined that Corbett was involved in the distribution of child pornography over the Internet.  When ICE agents interviewed him at his residence on May 1, 2009, Corbett confessed to downloading child pornography and consented to a search of his computer, which revealed over 22,000 images of child pornography.  Corbett also admitted to using several file sharing programs, including Shareaza, to receive (i.e., download) and to distribute (i.e., upload) images of child pornography.

On May 26, 2010, Corbett waived Indictment and pled guilty to a single-count Information charging him with advertising, promoting, and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(3)(B) and (b)(1).  The Probation Office calculated a total offense level of 37 and criminal history category of I, resulting in an advisory Guidelines range of 210 to 262 months.  Because 18 U.S.C. § 2252A(a)(3)(B) imposes a mandatory maximum term of imprisonment of twenty years, Corbett's actual Guidelines range was 210 to 240 months.

The Probation Office applied a five-level enhancement for "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain,"

pursuant to U.S.S.G. § 2G2.2(b)(3)(B).  (PSR ¶ 86.)  Corbett objected, contending that his distribution was unintentional and not done for the receipt, or expectation of receipt, of a thing of value.  Although he admitted that he made it appear as if he had images of child pornography available for other users to upload from his computer and download to their own computers, Corbett claimed that he planned to intervene manually to cancel each attempted upload.  Despite his purported efforts to monitor and block any uploads, Corbett conceded that at least one file containing child pornography was uploaded to another user.  Corbett argued, therefore, that a two-level enhancement for distribution pursuant to U.S.S.G. § 2G2.2(b)(3)(F) should be applied instead.  Application of the two-level, rather than the five-level, enhancement would have reduced Corbett's Guidelines range to 151 to 188 months imprisonment.

At the sentencing hearing on January 28, 2011, the District Court rejected Corbett's arguments, finding that he was a "sophisticated user" who installed and customized the file sharing software.  The District Court concluded that Corbett "knew exactly how this program worked" and found the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) justified.  After considering the statutory factors set forth in 18 U.S.C. § 3553(a), however, the District Court imposed a below Guidelines-range sentence of 180 months imprisonment, to be followed by five years of supervised release.

Corbett appealed.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 3742(a).

3

We review a district court's application of the United States Sentencing Guidelines to the facts for abuse of discretion and its factual findings for clear error. *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

### III.  Discussion

Corbett admits he distributed child pornography but contends that the District Court erred in applying the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) because he lacked the requisite intent.

The District Court did not err in rejecting Corbett's assertion that his distribution was unintentional and not done for the receipt, or expectation of receipt, of a thing of value. After thoroughly considering the extensive materials and arguments presented, the District Court concluded that Corbett had the requisite intent based on his sophisticated use of the file sharing program, his customization of the program's settings in order to designate certain files for sharing, and the specific and descriptive titles given to the files made available for uploading. *Cf. United States v. Geiner*, 498 F.3d 1103, 1111 (10th Cir. 2007) (noting that defendant's intent "is a question of fact properly resolved on a case-by-case basis by the sentencing court"); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (explaining that direct or indirect evidence may support district court's finding that defendant expected to receive a thing of value). The District Court rejected as incredible Corbett's representation that he constantly monitored the file sharing program while engaged in other computer activities, such as gaming. The District Court also noted that no files could have been uploaded if Corbett had not designated them for sharing or if he had not opened the file sharing program. Moreover, Corbett admitted

4

that he made the files of child pornography appear as if they were available for uploading "in order that he could get something." The District Court did not, therefore, abuse its discretion in applying the five-level enhancement.

Having concluded that the sentence the District Court imposed is procedurally sound, we will affirm it "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Corbett does not contest the substantive reasonableness of his sentence, and we conclude that the sentence the District Court imposed was well within its discretion.

## IV.  Conclusion

For the foregoing reasons, we will affirm the judgment of sentence entered by the District Court.